UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | No. 08 CR 0054 |
| v. | ) | |
| | ) | Judge Matthew F. Kennelly |
| MARITZA SANTANA | ) | |

**PARTIES' JOINT SUBMISSION REGARDING WHETHER A PRIVATE MEDICAL SERVICE PROVIDER CONSTITUTES A HEALTH CARE BENEFIT PROGRAM**

The UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, and the defendant MARITZA SANTANA, by her attorney John Murphy, hereby jointly submit that a private medical care provider constitutes a "health care benefit program" under Title 18, United States Code, Section 24(b). In further support of their joint submission, the parties state as follows:

1. On January 22, 2008, defendant was charged in a five count indictment, alleging two counts of health care fraud, in violation of Title 18, United States Code, Section 669(a), and three counts of wire fraud, in violation of Title 18, United States Code, Section 1344. The indictment alleges, among other things, that Victims A and B are licensed dentists who provide medical services to the public in exchange for payment and that both Victims A and B receive payment for their services to patients in the form of direct payments from the patients themselves or of payments from insurers under whose plans of insurance the patients were covered. The indictment further alleges that, at all material times, defendant was employed by Victims A and B as an officer manager and receptionist and that defendant forged checks from patients and insurers payable to Victims A and B and fraudulently presented them to a bank for payment.

2. On July 16, 2008, the parties appeared before this Court for a change of plea hearing. At that time, the Court requested that the parties file written submissions regarding whether private medical service providers, such as Victims A and B, qualify as "health care benefit programs" under Title 18, United States Code, Section 24(b). The parties now jointly submit that private medical service providers, like Victims A and B in this case, do constitute "health care benefit programs."

3. *United States v. Whited*, 311 F.3d 259 (3d Cir. 2002), is instructive. In *Whited*, like in this case, an indictment was filed alleging that defendant, the receptionist of a chiropractic office, fraudulently deposited checks submitted by patients for medical services into her personal bank account. *Id.* at 261. In *Whited*, defendant challenged the indictment, alleging that, among other things, a chiropractic office does not qualify as a "health care benefit program." *Id.* The *Whited* Court rejected defendant's argument, holding that the chiropractic office is a "health care benefit program" under Title 18, United States Code, Section 24(b), because it is an "individual or entity who is providing a medical benefit, item, or service for which payment may be made under [a qualifying health care] plan or contract." *Id.* at 263. In so holding, the *Whited* Court stated that "[t]he Center is a local provider of chiropractic services, and even *Whited* concedes that payment is made for those services through Blue Cross, which is undisputably a health care benefit program. Section 24(b) explicitly 'includes' precisely those types of local medical service providers. The statute thus makes clear Congress' intent to criminalize theft or embezzlement under 18 U.S.C. § 669 when the victim of that theft or embezzlement is a medical services provider - such as the Center – being compensated pursuant to a public or private plan, such as Blue Cross." *Id.* The Seventh Circuit has indicated that it agrees with the reasoning of the *Whited* Court: "we are

strongly inclined to agree with *Whited* that the statute reaches frauds against private health care benefit programs." *United States v. Higdon*, 531 F.3d 561, 563 (7th Cir. 2008).

4.    Case law also makes clear that dental care providers, like Victims A and B, are considered medical care providers for purposes of the health care fraud statutes. *See United States v. Van Trease*, No. 07-10020, 2008 WL 2074366 at *1-2 (9th Cir. May 16, 2008) (affirming defendant's conviction under 18 U.S.C. § 669(a) for embezzling money from her employer, Nevada Pacific Dental, Inc.)

5.    Like in *Whited* and *Van Trease*, Victims A and B are medical service providers who are compensated from both public and private insurance plans.[1] Thus, because Victims A and B are individuals who provide medical services for which payment may be made under a public or private plan or contract, Victims A and B qualify as "health care benefit programs," pursuant to Title 18, United States Code, Section 24(b).

                             Respectfully submitted,

                             PATRICK J. FITZGERALD
                             United States Attorney

              By:    /s Bethany K. Biesenthal
                       BETHANY K. BIESENTHAL
                       Assistant United States Attorney
                       219 South Dearborn Street
                       Chicago, Illinois 60604
                       (312)886-7629

---

[1] The checks at issue in this case were written to Victims A and B from a number of different insurance companies, including but not limited to, Blue Cross Blue Shield.

**CERTIFICATE OF SERVICE**

  The undersigned Assistant United States Attorney hereby certifies that the following documents:

**PARTIES' JOINT SUBMISSION REGARDING WHETHER A PRIVATE MEDICAL SERVICE PROVIDER CONSTITUTES A HEALTH CARE BENEFIT PROGRAM**

were served on August 13, 2008, in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

              /s Bethany K. Biesenthal
              BETHANY K. BIESENTHAL
              Assistant United States Attorney
              219 South Dearborn Street
              Chicago, Illinois 60604
              (312)886-7629