UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 08 CR 0054 |
| vs. | ) | Judge Matthew F. Kennelly |
| | ) | |
| MARITZA SANTANA | ) | |

## **PLEA AGREEMENT**

1.      This Plea Agreement between the United States Attorney for the Northern

District of Illinois, PATRICK J. FITZGERALD, and defendant MARITZA SANTANA, and

her attorney, JOHN F. MURPHY, is made pursuant to Rule 11 of the Federal Rules of

Criminal Procedure and is governed in part by Rule 11(c)(1)(A), as more fully set forth

below.  The parties to this Agreement have agreed upon the following:

### **Charges in This Case**

2.      The indictment in this case charges defendant with theft or embezzlement in

connection with health care, in violation of Title 18, United States Code, Section 669(a)

(Counts 1-2) and bank fraud, in violation of Title 18, United States Code, Section 1344

(Counts 3-5).

3.      Defendant has read the charges against her contained in the indictment, and

those charges have been fully explained to her by her attorney.

4.      Defendant fully understands the nature and elements of the crimes with which

she has been charged.

## Charges to Which Defendant is Pleading Guilty

5.      By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to Count 1 of the indictment.  Count 1 charges defendant with knowingly and willfully embezzling and stealing checks, payable to and belonging to Victim A in payment for dental medical services provided by Victims A and B to patients, in violation of Title 18, United States Code, Section 669(a).

## Factual Basis

6.      Defendant will plead guilty because she is in fact guilty of the charges contained in Counts 1 of the indictment.  In pleading guilty, defendant admits the following facts and that those facts establish her guilt and relevant conduct beyond a reasonable doubt:

### OFFENSE OF CONVICTION

a.      With respect to Count 1 of the indictment: Defendant knowingly and willfully embezzled and stole over 100 checks, payable to and belonging to Victim A in payment for dental and medical services provided by Victim A to patients, in violation of Title 18, United States Code, Section 669(a).  More specifically, Victim A was a licensed dentist who maintained an office in Chicago, Illinois, at which he provided medical services to the public in exchange for payment, thereby constituting a health care program within the meaning of Title 18, United States Code, Section 24(b). Defendant was employed by Victim A as an office manager and receptionist.  Victim A received payment for his dental services to patients in the form of direct payments from the patients themselves or as payments from

2

insurers under whose plans of insurance the patients were covered. Between the approximate dates of February 4, 2000 and February 22, 2005, defendant forged checks from patients and insurers payable to Victim A and presented them to Mid American Bank for payment in cash. The total amount of checks defendant forged associated with Victim A was approximately $37,509.26. Defendant forged the endorsements on the checks without authorization. Defendant used the proceeds of the checks for her own benefit without authorization to do so.

## RELEVANT CONDUCT

b.    With respect to relevant conduct, defendant also acknowledges that she knowingly and willfully embezzled and stole over 50 checks, payable to and belonging to Victim B in payment for dental medical services provided by Victim B to patients, in violation of Title 18, United States Code, Section 669(a). More specifically, Victim B was a licensed dentist who practiced in the office of Victim A, providing medical services to the public in exchange for payment, thereby constituting a health care program within the meaning of Title 18, United States Code, Section 24(b). Defendant provided services as an officer manager and receptionist to Victims A and B under the terms of an arrangement between Victims A and B. Victim B received payment for her dental services to patients in the form of direct payments from the patients themselves or as payments from insurers under whose plans of insurance the patients were covered. Between the dates of January 14, 2003 and February 22, 2005, defendant forged checks from patients and insurers payable to Victim

3

B and presented them to Mid America Bank for payment in cash. The total amount of checks defendant forged associated with Victim B was approximately $52,527.90. Defendant forged the endorsements on the checks without authorization. Defendant used the proceeds of these checks for her own benefit without authorization to do so.

      c.    Defendant further acknowledges that she knowingly executed a scheme and artifice to defraud Mid America Bank, by presenting for payment in cash forged checks payable to Victim A and Victim B totaling in excess of $60,000, in violation of Title 18, United States Code, Section 1344. More specifically, Mid America Bank was a financial institution with its main branch in Clarendon Hills, Illinois. The deposits of Mid America Bank were insured by the Federal Deposit Insurance Corporation. Between the approximate dates of February 4, 2000 and February 22, 2004, defendant embezzled and stole from the dental office at which she was employed as office manager, checks payable to Victims A and B, which had been sent to the office in payment for dental services rendered to patients by Victims A and B, and which were the property of Victims A and B. Defendant forged and caused to be forged purported first endorsements of Victim A or Victim B depending on which dentist had rendered services, and then added a second endorsement in her own name. She then presented the forged checks to Mid America Bank for payment in cash. In furtherance of the scheme to defraud Mid America Bank, on or about December 3, 2004, defendant presented check number 54942528 of Metropolitan Life Insurance Company, payable to Victim A in the amount of $446.26, and dated November 29, 2004, for payment

4

in cash to Mid America Bank. Defendant forged Victim A's endorsement on this check. Defendant cashed the check without authorization and used the proceeds for her own benefit. Defendant was not entitled to receive the proceeds in this manner.

## Maximum Statutory Penalties

7.      Defendant understands that the charges to which she is pleading guilty carry the following statutory penalties:

a.      Count 1 carries a maximum sentence of 10 years' imprisonment and a maximum fine of $250,000. Defendant further understands that the Court also may impose a term of supervised release of not more than three years.

b.      Defendant further understands that the Court must order restitution to the victims of the offense in an amount determined by the Court.

c.      In accord with Title 18, United States Code, Section 3013, defendant will be assessed $100 on each count to which she has pled guilty, in addition to any other penalty or restitution imposed.

d.      Therefore, under the counts to which defendant is pleading guilty, the total maximum sentence is 10 years' imprisonment, a $250,000 fine, a period of supervised release, and any restitution ordered by the Court.

## Sentencing Guidelines Calculations

8.      Defendant understands that in imposing sentence the Court will be guided by the United States Sentencing Guidelines. Defendant understands that the Sentencing

5

Guidelines are advisory, not mandatory, but that the Court must consider the Guidelines in determining a reasonable sentence.

9.    For purposes of calculating the Sentencing Guidelines, the parties agree on the following points:

a.    **Applicable Guidelines.**  The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing. The following statements regarding the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely, the November 2007 Guidelines Manual.

b.    **Offense Level Calculations.**

i.    The base offense level for the charge in Count 1 of the indictment is 6, pursuant to Guideline §2B1.1;

ii.    An additional 8 levels are added pursuant to Guideline §2B1.1(b)(1)(E) because the amount of loss involved in the count of conviction and relevant conduct is greater than $70,000, but less than $120,000;

iii.    The offense level is increased an additional 2 levels pursuant to Guideline §3B1.3 because defendant abused a position of private trust.

iv.    Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for her criminal conduct. If the government does not receive additional evidence in conflict with this provision, and if defendant continues to accept responsibility for her actions within the meaning of Guideline §3E1.1(a), including

6

by furnishing the United States Attorney's Office and the Probation Office with all requested financial information relevant to her ability to satisfy any fine or restitution that may be imposed in this case, a two-level reduction in the offense level is appropriate.

        v.     In accord with Guideline §3E1.1(b), defendant has timely notified the government of her intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Therefore, as provided by Guideline §3E1.1(b), if the Court determines the offense level to be 16 or greater prior to determining that defendant is entitled to a two-level reduction for acceptance of responsibility, the government will move for an additional one-level reduction in the offense level.

        c.     **Criminal History Category.** With regard to determining defendant's criminal history points and criminal history category, based on the facts now known to the government, defendant's criminal history points equal zero and defendant's criminal history category is I.

        d.     **Anticipated Advisory Sentencing Guidelines Range.** Therefore, based on the facts now known to the government, the anticipated offense level is 13, which, when combined with the anticipated criminal history category of I, results in an anticipated advisory Sentencing Guidelines range of 12 to 18 months' imprisonment, in addition to any supervised release, fine, and restitution the Court may impose.

e.      Defendant and her attorney and the government acknowledge that the above Guideline calculations are preliminary in nature, and are non-binding predictions upon which neither party is entitled to rely. Defendant understands that further review of the facts or applicable legal principles may lead the government to conclude that different or additional Guideline provisions apply in this case. Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Guideline calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw her plea on the basis of the Court's rejection of these calculations.

f.      Both parties expressly acknowledge that this plea agreement is not governed by Fed.R.Crim.P. 11(c)(1)(B), and that errors in applying or interpreting any of the Sentencing Guidelines may be corrected by either party prior to sentencing. The parties may correct these errors either by stipulation or by a statement to the Probation Office or the Court, setting forth the disagreement regarding the applicable provisions of the Guidelines. The validity of this Plea Agreement will not be affected by such corrections, and defendant shall not have a right to withdraw her plea, nor the government the right to vacate this Plea Agreement, on the basis of such corrections.

8

## Agreements Relating to Sentencing

10.     The government agrees to recommend that sentence be imposed within the applicable guidelines range and to make no further recommendation concerning at what point within the range sentence should be imposed.

11.     It is understood by the parties that the sentencing judge is neither a party to nor bound by this Plea Agreement and may impose a sentence up to the maximum penalties as set forth above. Defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, defendant will have no right to withdraw her guilty plea.

12.     Regarding restitution, the parties acknowledge that the total amount of restitution owed to Victim A is approximately $37,509.26, minus any credit for funds repaid prior to sentencing, and that pursuant to Title 18, United States Code, § 3663A (a)(1), the Court must order defendant to make full restitution in the amount outstanding at the time of sentencing. The defendant further agrees, pursuant to Title 18, United States Code, Section 3663A(a)(3), to the entry of an order requiring her to make restitution to Victim B and/or Mid America Bank in an amount to be determined by the Court at the time of sentencing. Defendant agrees to pay the special assessment of $100 at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court.

9

13.    After sentence has been imposed on the counts to which defendant pleads guilty as agreed herein, the government will move to dismiss the remaining count of the indictment.

## Presentence Investigation Report/Post-Sentence Supervision

14.    Defendant understands that the United States Attorney's Office in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing shall fully apprise the District Court and the Probation Office of the nature, scope and extent of defendant's conduct regarding the charges against her, and related matters. The government will make known all matters in aggravation and mitigation relevant to the issue of sentencing.

15.    Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the Probation Office, and the United States Attorney's Office regarding all details of her financial circumstances, including her recent income tax returns as specified by the probation officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline §3E1.1 and enhancement of her sentence for obstruction of justice under Guideline §3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001 or as a contempt of the Court.

16.    For the purpose of monitoring defendant's compliance with  her obligations to pay a fine and restitution during any term of supervised release to which defendant is

sentenced, defendant further consents to the disclosure by the IRS to the Probation Office and the United States Attorney's Office of defendant's individual income tax returns (together with extensions, correspondence, and other tax information) filed subsequent to defendant's sentencing, to and including the final year of any period of supervised release to which defendant is sentenced. Defendant also agrees that a certified copy of this Plea Agreement shall be sufficient evidence of defendant's request to the IRS to disclose the returns and return information, as provided for in Title 26, United States Code, Section 6103(b).

### Acknowledgments and Waivers Regarding Plea of Guilty

### Nature of Plea Agreement

17.    This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case number 08 CR 0054.

18.    This Plea Agreement concerns criminal liability only. Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver or release by the United States or any of its agencies of any administrative or judicial civil claim, demand or cause of action it may have against defendant or any other person or entity. The obligations of this Agreement are limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities, except as expressly set forth in this Agreement.

11

**Waiver of Rights**

19.    Defendant understands that by pleading guilty she surrenders certain rights, including the following:

a.    **Trial rights.** Defendant has the right to persist in a plea of not guilty to the charges against her, and if she does, she would have the right to a public and speedy trial.

i.    The trial could be either a jury trial or a trial by the judge sitting without a jury. Defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

ii.    If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and her attorney would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

iii.    If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict her unless, after hearing all the evidence, it was persuaded of her guilt beyond a reasonable doubt and that it was to

12

consider each count of the indictment separately. The jury would have to agree unanimously as to each count before it could return a verdict of guilty or not guilty as to that count.

iv.    If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

v.    At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and her attorney would be able to cross-examine them.

vi.    At a trial, defendant could present witnesses and other evidence in her own behalf. If the witnesses for defendant would not appear voluntarily, she could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

vii.    At a trial, defendant would have a privilege against self-incrimination so that she could decline to testify, and no inference of guilt could be drawn from her refusal to testify. If defendant desired to do so, she could testify in her own behalf.

b.    **Appellate rights.** Defendant further understands she is waiving all appellate issues that might have been available if she had exercised her right to trial, and may only appeal the validity of this plea of guilty and the sentence imposed. Defendant

13

understands that any appeal must be filed within 10 days of the entry of the judgment of conviction.

c. Defendant understands that by pleading guilty she is waiving all the rights set forth in the prior paragraphs. Defendant's attorney has explained those rights to her, and the consequences of her waiver of those rights.

## Other Terms

20. Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine and restitution for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

## Conclusion

21. Defendant understands that this Plea Agreement will be filed with the Court, will become a matter of public record and may be disclosed to any person.

22. Defendant understands that her compliance with each part of this Plea Agreement extends throughout the period of her sentence, and failure to abide by any term of the Agreement is a violation of the Agreement. Defendant further understands that in the event she violates this Agreement, the government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or may move to resentence defendant or require defendant's specific performance of this Agreement. Defendant understands and agrees that

14

in the event that the Court permits defendant to withdraw from this Agreement, or defendant breaches any of its terms and the government elects to void the Agreement and prosecute defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

23.    Should the judge refuse to accept defendant's plea of guilty, this Plea Agreement shall become null and void and neither party will be bound thereto.

24.    Defendant and her attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Plea Agreement to cause defendant to plead guilty.

25.    Defendant acknowledges that she has read this Plea Agreement and carefully reviewed each provision with her attorney. Defendant further acknowledges that she understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE:    8/27/08

PATRICK J. FITZGERALD
United States Attorney

MARITZA SANTANA
Defendant

BETHANY K. BIESENTHAL
Assistant U.S. Attorney

JOHN F. MURPHY
Attorney for Defendant

15